■ RITA GLASHEEN, Appellant-Respondent, v TOWN OF SMITHTOWN et al., Respondents-Appellants. — In an action for a declaratory judgment, plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Cromarty, J., on the judgment; Bracken, J., at the trial) entered July 31, 1981, as denied her appointment to the position of senior citizen program supervisor

and defendants cross-appeal from so much of the same judgment as granted plaintiff damages and reinstated her to the position of assistant senior citizen co-ordinator. Judgment modified by deleting the word "three" from the fourth decretal paragraph and substituting therefor the word "four" and by deleting the sixth decretal paragraph. As so modified, judgment affirmed, without costs or disbursements. In this action plaintiff sought, *inter alia,* a direction that her four grievances proceed to arbitration. Special Term directed that three of the grievances be submitted to arbitration. The fourth grievance, which Special Term did not refer to arbitration, concerned the question of whether under the terms of the collective bargaining agreement plaintiff was entitled to a preference for the position of senior citizen program supervisor. That agreement provides that the grievance procedure applies to "[a]ny and all disputes arising out of or concerning the interpretation or application of the terms of the contract". When faced with a dispute and a claim that the parties agreed to arbitration, the courts have a limited role. "Basically the courts perform the initial screening process designed to determine in general terms whether the parties have agreed that the subject matter under dispute should be submitted to arbitration. Once it appears that there is, or is not, a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract, the court's inquiry is ended" (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91, 96). Special Term, in the case at bar, went beyond this limitation and addressed the merits of the fourth grievance. The promotion of plaintiff to a higher position was covered in the collective bargaining agreement in paragraph 18. Thus, it came within the grievance procedures of the agreement and was therefore arbitrable. We have reviewed defendants' other contentions and find that they lack merit. Gulotta, J. P., O'Connor, Brown and Boyers, JJ., concur.